IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:12CR00293-SWW-04 |
| CLYDE JOHNSON, | * | |
| | * | |
| Defendant. | * | |

**ORDER**

Before the Court are Defendant Clyde Johnson's motions seeking suppression of evidence (ECF Nos. 92, 100) and the United States' responses in opposition (ECF Nos. 99, 109). The Court referred the matter to United States Magistrate Judge Joe J. Volpe. Judge Volpe held an evidentiary hearing and submitted proposed findings and recommendations (ECF No. 111), recommending that the Court deny the motions to suppress. The Court has carefully considered Johnson's objections (ECF No. 41) and has made a *de novo* review of the hearing transcript and pertinent portions of the record. For reasons that follow, the Court finds that Judge Volpe's proposed findings and recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings.

As fully detailed in the findings and recommendations, Drug Enforcement Administration agents arranged a controlled drug transaction at the Southland Racing and Casino parking lot between Tyrone Gamble, a suspected drug dealer, and a confidential informant. As the controlled transaction proceeded, officers Bailey Phillips and Jeff Sellers were stationed in the parking lot watching for counter-surveillance activity. Phillips and Sellers knew that earlier that day, another surveillance team had observed several vehicles, including Gamble's, parked at Johnson's residence. Phillips was familiar with Johnson, and he knew that Gamble was

Johnson's uncle.  After Gamble entered the parking lot, Phillips and Sellers observed a vehicle circle the lot at an unusually slow speed.  After the suspicious vehicle parked, Phillips recognized Johnson as the driver.  Immediately after agents arrested Gamble and a marked police vehicle entered the scene, Johnson, who had never exited his vehicle, drove away.  Phillips and Sellers pursued and stopped Johnson, ordered him out of his car, and handcuffed him.

An officer at the scene told Johnson that officers wanted to search his house, and Johnson replied, "Go ahead and search it, there is nothing there."  A search of the residence uncovered a handgun and marijuana.  An officer escorted Johnson to the dining room of his home and informed him of his *Miranda* rights, and Johnson provided a statement.  Subsequently, Johnson was transported to the Arkansas State Police headquarters, where he stated that he understood the *Miranda* warnings he had received at his residence, and he stated his willingness to cooperate.

By way of objections, Johnson contends that he was not present at his residence before the controlled transaction.  Johnson urges the Court to permit him to reopen the record to establish his "alibi" and show that the circumstances confronting officers did not justify his arrest.  Even assuming that Johnson could establish that he was not present at his residence before the controlled transaction occurred, it would not alter the Court's findings that officers had probable cause to arrest him.  Johnson also argues that the record is deficient "as to certain issues pertaining to Arkansas law regarding consent to search."  ECF No. 122, at 2.  Johnson provides no specific information regarding the point of Arkansas law that he believes would make a difference as to whether his consent to search was voluntary.  Furthermore, for reasons fully  explained in the proposed findings and recommendations, the Court finds from the totality

of relevant circumstances, that Johnson voluntarily consented to the search of his home.

For the reasons stated, the proposed findings and recommendations (ECF No. 111) are hereby APPROVED AND ADOPTED in their entirety as this Court's findings in all respects, and Defendant Johnson's motions to suppress (ECF Nos. 92, 100) are DENIED.

IT IS SO ORDERED THIS 25TH DAY OF MARCH, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE